## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DERRICK NEHRING and
JEFFERY NEHRING on behalf of
themselves and on behalf of all others
similarly situated,**

     **Plaintiffs,**

**v.**                              **Case No.:**

**PALLET RECYCLE OF ALABAMA,
INC.,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DERRICK NEHRING and JEFFERY NEHRING ("Plaintiffs"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this Complaint against Defendant, PALLET RECYCLE OF ALABAMA, INC. ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. for failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.      Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Polk County, Florida.

## PARTIES

4.      Plaintiffs are residents of Polk County, Florida.

5.      Defendant operates a pallet recycling business in Lakeland, in Polk County, Florida.

## GENERAL ALLEGATIONS

6.      Plaintiffs have satisfied all conditions precedent, or they have been waived.

7.      Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiffs request a jury trial for all issues so triable.

9.      At all times material hereto, Plaintiffs were employed by Defendant as a Driver.

10.      The putative class of similarly situated employees consists of all other Drivers employed by Defendant within the last three years.  These similarly situated persons will be referred to as "Members of the Class" or "the Class."

11.      At all times material hereto, Plaintiffs and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12.      At all times material hereto, Plaintiffs and Members of the Class were "employees" of Defendant within the meaning of the FLSA.

13.      At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

2

14.     Defendant continues to be an "employer" within the meaning of the FLSA.

15.     At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16.     At all times relevant to this action, Defendant engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

18.     At all times material hereto, Plaintiffs and Members of the Class, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

19.     Specifically, Plaintiffs and the Class were not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiffs and Members of the Class had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

20.     Thus, Plaintiffs and Members of the Class are "non-exempt employees" who are covered by the FLSA.

21.     At all times material hereto, the work performed by Plaintiffs and Members of the Class was directly essential to the business performed by Defendant.

## FACTS

22.     Plaintiff Derrick Nehring began working for Defendant as a driver in January, 2010, and he worked in this capacity until June 2015.

23.     Plaintiff Jeffery Nehring began working for Defendant as a driver in March 2010 and he worked in this capacity until February 2015.

24.     At various times material hereto, Plaintiffs and the Class regularly worked hours in excess of forty (40) hours, and up to 60 hours, within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rates.

25.     Defendant failed to pay Plaintiffs and Members of the Class an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

26.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendant's employment practices, in violation of the FLSA, 29 U.S.C. § 201 et seq.

27.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiffs bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b).  The Class is

4

composed of Drivers whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

29.    Therefore, Notice is properly sent to: "All Drivers whom Defendant failed to compensate for all of the overtime hours that they worked from November 2012 to the present."

30.    The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

31.    Plaintiffs are similar to the Class because they and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

32.    Plaintiffs' experience with Defendant's payroll practices is typical of the experiences of the Class.

33.    Defendant's failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiffs or of the Class is common to the Class.

34.    Overall, Plaintiffs' experiences as drivers who worked for Defendant is typical of that of the Class.

35.    Specific job titles or job duties of the Class do not prevent collective treatment.

36.    Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

37.    Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 36 of this Complaint, as fully set forth herein.  Plaintiffs brings this action on behalf of themselves and all other similarly situated employees in accordance with 29 U.S.C. § 216(b).  Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

38.    During the statutory period, Plaintiffs and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

39.    Defendant failed to compensate Plaintiffs and the Class for all of the overtime hours that Plaintiffs and the Class worked.

40.    The Members of the Class are similarly situated because they were all employed as Drivers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its Drivers for all of the overtime hours that they worked in accordance with the FLSA.

41.    This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1).  As a result, Plaintiffs and the Members of the Class are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

42.    All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

43.    As a result of the foregoing, Plaintiffs and the Class have suffered damages.

**WHEREFORE**, Plaintiffs and all similarly situated employees who join this collective action demand:

(a)   Designation of this action as a collective action on behalf of the Plaintiffs and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b)   Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)   Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)   Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)   Judgment against Defendant for an amount equal to Plaintiffs' and the Class's unpaid overtime wages at the applicable overtime rate;

(f)   A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)   Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate as liquidated damages;

(h)     Judgment against Defendant stating that their violations of the FLSA

were willful;

(i)      To the extent liquidated damages are not awarded, an award of

prejudgment interest;

(j)      All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this _____ day of January, 2016.

Respectfully submitted,

_____

**BRANDON J. HILL**
Florida Bar No. 0037061
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-337-7992
Facsimile No.: 813-229-8712
Email: bhill@wfclaw.com
Email: jriley@wfclaw.com
**Attorneys for Plaintiff**